RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/09
```

SECURITIES AND EXCHANGE COMMISSION,                    :

                          **Plaintiff,**                    :

                         **v.**                    :

                                            :    **08 Civ. 8397 (JSR)**

**CHRISTOPHER CASTALDO,**                    :    **ECF Case**
**DANIEL JAMES GALLAGHER,**                    :
**FRANK ZANGARA,**                    :
**B.H.I. GROUP, INC.,**                    :
**CORPORATE COMMUNICATIONS CORP., and**                    :
**VISION SECURITIES INC.,**                    :

                        **Defendants.**                    :

## PROPOSED JOINT PRETRIAL ORDER

Pursuant to Rule 4 of the Court's Individual Rules of Practice, Plaintiff Securities and

Exchange Commission (the "Commission") and Defendants Christopher Castaldo ("Castaldo"),

Daniel James Gallagher ("Gallagher") and Vision Securities, Inc. ("Vision") respectfully submit

this proposed joint pretrial order for the jury trial scheduled to commence on July 13, 2009.

## I.     FACTS ON WHICH THE PARTIES AGREE

1.     Federal law and securities industry rules require that an individual who wishes to

work as a securities broker must be properly licensed and registered.

2.     To become a properly licensed and registered general securities broker, an

individual must satisfy several requirements, including the following two requirements. First, an

individual must be registered with a properly registered securities brokerage firm. Second, an

individual must pass certain written securities broker examinations, including an examination

called a "Series 7" examination.

3.      By passing the Series 7 examination, the individual is considered licensed to act
as a general securities broker.  If a broker stops working for a registered brokerage firm for two
years, the Series 7 license will expire.  If the Series 7 license expires, the broker must either
retake the Series 7 examination, or obtain a waiver from taking the examination, before re-
registering as a securities broker.

4.      During the time period of the events in this case, the organization that
administered the broker license and registration process and requirements was called the
National Association of Securities Dealers or "NASD." The NASD was a private organization
but was subject to oversight by the Securities and Exchange Commission.

5.      From 2005 through 2007, defendant Vision Securities, Inc. was a securities
brokerage firm registered with the Commission.

6.      From 2005 through 2007, defendant Daniel Gallagher was a licensed securities
broker registered at defendant Vision Securities.

7.      At all times relevant to this case, defendant Christopher Castaldo has been the
president, chief executive officer, and owner of a company called Corporate Communications
Corporation.

8.      Beginning in May 2005, Castaldo introduced some of his Stock Traders Press
subscribers to a company called Pricefish, Inc.

9.      From September 2005 through September 2006, Castaldo introduced some of his
Stock Traders Press subscribers to a company called NanoDynamics, Inc.

10.      From September through December 2006, Castaldo introduced at least eight of his
Stock Traders Press subscribers to a company called Golden Pacific Railroad, Inc.

2

11.     From October through December 2006, eight Stock Traders Press subscribers invested a total of \$269,000 in Golden Pacific securities.

12.     From October through December 2006, Golden Pacific paid Corporate Communications Corporation a total of \$24,800.

13.     Castaldo subsequently introduced an additional Stock Traders Press subscriber to a second investment in a Golden Pacific security. In February 2007, that individual invested \$275,000 in Golden Pacific. In February 2007, Golden Pacific paid Castaldo \$19,500.

14.     Plaintiff's Exhibits 12 – 19, 22 – 40, 42, 44 – 70, 71, 74, 83, 84, 86 – 96, 98 – 104A, 105, 107 – 119, 121, and 128 – 129 are authentic.

15.     Plaintiff's Exhibits 13 – 19, 24 – 37, 40, 42, 44 – 52, 54 – 61, 66 – 68, 70, 81, 83, 84, 86 – 93, 95 – 96, 98 – 103, 105, 107 – 115, 118, and 128 – 129 are admissible into evidence.

## II.     FACTS THAT ARE DISPUTED

### A.     Plaintiff's Contentions of Disputed Facts

The Commission contends that defendant Castaldo acted as an unlicensed and unregistered "broker" on the Pricefish, Nanodynamics, and Golden Pacific offerings at issue, as the term "broker" is defined under applicable law. That is, the Commission contends that Castaldo "engaged in the business of effecting transactions in securities for the account of others," 15 U.S.C. § 78c(4)(A), regarding those offerings (i) by having actively participated in finding investors for those investments form among his Stock Traders Press subscribers; (ii) by having either solicited, recommended, suggested, encouraged, or evaluated the merits of, those investments in communications with his Stock Traders Press Subscribers; (iii) by having received transaction-based compensation on each offering (based on the amount that his

3

subscribers invested in each offering); (iv) by generally having acted as a liaison between his subscribers and the companies issuing the securities, to varying degrees with respect to each offering; and (v) by having provided advice to at least one of the offering companies regarding the nature of the offering and its supporting documentation.

Castaldo admits that he "solicited an interest" from his subscribers regarding the offerings at issue, that he informed his subscribers that he believed they were all good investments, and essentially that he received transaction-based compensation regarding each of the offerings (based on the amount of money his subscribers invested). He denies however, that he "recommended" the securities to his subscribers or otherwise "solicited" their investments, and he generally denies that he acted as a "broker" (although he admits that he did act as an intermediary for certain purposes between his subscribers and Golden Pacific).

The Commission contends that defendant Vision Securities violated the securities laws with respect to the NanoDynamics offering by permitting Castaldo to be an unlicensed and unregistered associated person of Vision Securities while acting as a broker regarding the NanoDynamics offering.

The Commission further contends that defendant Gallagher, himself a registered broker at Vision Securities, aided and abetted Vision Securities' violations by permitting Vision Securities to share with Castaldo the 7% commissions that Vision Securities received from NanoDynamics (based on the amount that Castaldo's subscribers invested in NanoDynamics) while knowing that (i) Castaldo was soliciting the NanoDynamics investments from, or recommending or suggesting those investments to, his Stock Traders Press subscribers; and (ii) Castaldo was not properly licensed or registered with Vision Securities.

4

Gallagher denies that Vision Securities was paying Castaldo transaction-based compensation and contends, as does Castaldo, that Castaldo acted merely as a passive "finder" of investors for NanoDynamics. Regarding the payments from Vision Securities to Castaldo, Gallagher and Vision Securities contend that Vision Securities was merely purchasing from Castaldo lists of his Stock Traders Press subscribers, that the payments were unrelated to the NanoDynamics offering, and that Vision Securities was not sharing its 7% NanoDynamics commissions with Castaldo or Corporate Communications.

**B.**     **Defendant Christopher Castaldo's Contentions of Disputed Facts**

Castaldo contends that he did not act as an unlicensed broker in regards to PriceFish, GPRR and NanoDynamics. Castaldo got compensated according to the legal documents and offering material that was written and proposed by securities firm Morritt Hock Hamroff and Horowitz in regards to GPRR and PriceFish. As stated in the required offering material.

Castaldo did not effect transactions but acted as an intermediary as required according to the legal documents concerning GPRR. The securities firm Morritt Hock and Dennis O'rouke were paid to prepare this material. Additionally, Morrit Hock and Dennis O'rourke collected and dispersed all such funds from their escrow account thus overseeing that everything was done properly.

Castaldo did not act as a broker in regards to NanoDynamics. Castaldo did not negotiate transactions or sales of securities. Castaldo did not collect money, send or receive offering material, or subscription documents. Castaldo never saw or collected a check or accepted or saw a signed subscription agreement from any investors. Nor did he negotiate transactions with issuers or potential investors. If Castaldo acted as a broker he would have done all of the above, plus much more.

5

Castaldo did not prepare any legal documents. Castaldo operates a newsletter and has never had legal issues with his research firm CCC since inception on May 15th 1998. Castaldo never used attorneys in his dealing with his research Firm other than during his start-up period in 1998. Over the past 10 years Castaldo's business has been essentially one dimensional.

It was not until approached by Zangara, Gallagher and Industry professionals did his business expand or take on another dimension. In this regard, Castaldo relied on such industry professionals and their experience and expertise as he was in new territory.

Castaldo worked, followed and was compensated according to what was written in the legal documents prepared by Morritt Hock Hamroff and Horowitz.

Castaldo also asserts that he was compensated according to Vision securities and its Principals and that Vision securities is still actively working with its customers and still generating fees now some 3 years later.

## C.     **Defendants Daniel Gallagher's and Vision Securities' Contentions of Disputed Facts**

Both Vision Securities and Gallagher claim that they did nothing wrong and that they were in compliance with the applicable rules.

As to plaintiff's first claims (claims 3 and 4) against Vision Securities and Gallagher, both maintain that Vision Securities purchased subscriber lists from Corporate Communications and paid therefor.  The payments were not commissions, but were simply payments made out of cash flow received by Vision Securities and that such amounts were determined by the amount of funds Vision Securities had available at the time of each payment.  Vision Securities and Gallagher were fully licensed to sell such stock and receive commissions in connection therewith.  Vision Securities and Gallagher also maintain that all amounts paid to Castaldo and Corporate Communications were to be credited against a proposed future purchase by Vision

6

Securities of an interest in Corporate Communications.

Vision Securities and Gallagher further state that they did not request Castaldo or Corporate Communications to make any solicitations concerning purchases of NanoDynamics securities by their subscribers nor did they expect Castaldo would make any such solications. Rather, Vision and Gallagher state they only expected Castaldo and Corporate Communications to furnish to Vision Securities lists of those Corporate Communications subscribers who Castaldo knew might be interested in purchasing securities in the NanoDynamics private offering. Upon receipt of the names of those subscribers, Gallagher had direct and personal contact with each one, many of whom purchased NanoDynamics securities in the offering. In sum then, Vision Securities states that it merely purchased very valuable and unique subscriber lists from Castaldo and Corporate Communications, which it continues to use without any further payments to Castaldo or Corporate Communications. Vision Securities and Gallagher also maintain that they solicited purchasers of NanoDynamics securities in the private offering by the persons on the lists Vision Securities purchased from Castaldo and Corporate Communications. Gallagher, as Castaldo, maintain that they did not aid and abet any violation by Vision Securities and that in fact there could be no such violation in the circumstances.

Plaintiff's second claims (claims 5 and 6) against Vision Securities and Gallagher are that certain BD filings made by Vision Securities were not accurate because they did not report Gallagher as a "control person" of Vision Securities and that Gallagher aided and abetted this violation. While Vision Securities concedes that the filings could have been better, it maintains that the errors were done by Stewart Kalter, then President of Vision Securities, who is no longer employed there, that the errors were not material and have been corrected and, significantly, that in all events the reporting of Gallagher as a "control affiliate", that is a person that directly or

7

indirectly controls Vision Securities, in these filings mitigated the errors. Gallagher maintains he had nothing whatsoever to do with the filings, that he did not review or even see them and was not required to review or see them.

## III. DESCRIPTION OF PLAINTIFF'S REMAINING CLAIMS

The only defendants remaining in this case are Castaldo, Gallagher, and Vision.[1] With respect to defendant Castaldo, the Commission will try its claims that Castaldo violated Section 15(a) of the Exchange Act (First Claim of the Complaint) and that Castaldo aided and abetted Vision's violations of Section 15(b)(7) of the Exchange Act and Rule 15b7-1 thereunder (Fourth Claim). With respect to defendants Gallagher and Vision, the Commission will try its claims that Vision violated Section 15(b)(7) of the Exchange Act and Rule 15b7-1 thereunder (Third Claim) and that Gallagher aided and abetted those violations (Fourth Claim).[2]

None of the defendants has asserted any counterclaims, cross-claims or third party claims in this action.

---

[1]     The Commission voluntarily dismissed its claims against defendants Frank Zangara and B.H.I. Group, Inc. on June 3, 2009, by stipulation of the parties. On June 25, 2009, the Court granted the Commission a default judgment against defendant Corporate Communications Corporation.

[2]     The Commission sought leave from the Court today to file a motion and supporting memorandum of law to amend the Complaint to replace its Section 15(b)(7) and Rule 15b7-1 claims against Vision and Gallagher with a claim against both of them for aiding and abetting Castaldo's violation of Section 15(a) of the Exchange Act. The Court denied that request, and the Commission is currently seeking reconsideration of that ruling and leave to file a memorandum of law on the issue. If the Court ultimately grants the Commission's request to amend the Complaint, the Commission will try its claims against Vision and Gallagher for aiding and abetting Castaldo's violation of Section 15(a) of the Exchange Act, which rests on the same factual predicate as the current Section 15(b)(7) and Rule 15b7-1 claims against those defendants.

The Commission also anticipates forgoing its claim against Vision for violating Section 17(a) of the Exchange Act and Rule 15b3-1 thereunder (Fifth Claim) and its claim against Gallagher for aiding and abetting that alleged violation (Sixth Claim).

## V.   MONETARY RELIEF SOUGHT BY PLAINTIFF

The Commission seeks only a finding of liability from the jury. Following a verdict or judgment in its favor, the Commission would seek from the Court (1) equitable relief in the form of injunctions, disgorgement and pre-judgment interest thereon, and (2) a civil money penalty.

The Commission seeks disgorgement from Castaldo of the total payments he and Corporate Communications Corporation received from Pricefish, Vision Securities and Golden Pacific related to the offerings at issue, totaling $444,300, plus prejudgment interest, plus second-tier civil money penalties. Second-tier civil money penalties for an individual shall not exceed the greater of $60,000 per violation or the gross amount of pecuniary gain to that person. 15 U.S.C. § 78u(d)(3)(B)(ii); 17 C.F.R. § 201.1003.

The Commission seeks disgorgement from Gallagher and Vision Securities of the 7% commission that Vision Securities received from NanoDynamics for investments by Stock Traders Press subscribers, less the amount of such commissions that Vision Securities paid to Corporate Communications, for a total disgorgement of $117,366.91, plus prejudgment interest, plus second-tier civil money penalties. For a person other than a natural person (Vision Securities), the second-tier penalty amount shall not exceed the greater of $325,000 per violation or the gross amount of pecuniary gain to that person. See 15 U.S.C. § 78u(d)(3)(B)(ii); 17 C.F.R. § 201.1003.

## VI.    WITNESS LISTS

### A.    Plaintiff's Witness List

The Commission intends to call the following witnesses in its case in chief, in the likely order set forth below (witnesses to appear by videotaped deposition are marked with an asterisk; all other witnesses to appear live):

Alison Reid

Christina Terranova

Patti Taggart

Douglas Stinson*

Edward Steckley

Christopher Castaldo

Mark Dresner

Anthony DeSimone

Louis Schillinger*

Jean Gallagher

Layla Mayer

Michael Jackson, Sr.

Daniel Gallagher

Chanchal Kochhar

Dennis O'Rourke

Anna Maresca

Virgil Wenger

Frank Zangara

10

**B.      Defendant Castaldo's Witness List**

Defendant Castaldo intends to call the following witnesses, in the likely order set forth

below:

Richard Christ

Michael Jackson Sr.

Patti Taggart

Bob Groff

Frank Zangara

Mark Dresner

Thomas Niemczyk

John Kuehn

**C.      Defendants Gallagher's and Vision's Witness List**

Defendants Gallagher and Vision Securities intend to call the following witnesses, in the

likely order set forth below (witnesses to appear by videotaped deposition are marked with an

asterisk; all other witnesses to appear live):

Jean Gallagher

Anna Marie Maresca

John Kuehn

Douglas Stinson*

Robert Groff

Richard Christ

Michael Jackson, Sr.

Robert Lipsky

11

Christopher Castaldo

Daniel J. Gallagher

Ivan Luburic


**VII.   EXHIBIT LISTS**

   **A.   Plaintiff's Exhibit List**

   The following is a list of all exhibits the Commission intends to offer in its case in chief,

with any objections by defendants to such exhibits noted in the column at right.  Defendant

Castaldo's bases for his objections are set forth in Exhibit A, attached hereto.

| EXHIBIT NO. | DESCRIPTION | DEFENSE OBJECTIONS |
|---|---|---|
| 12 | Castaldo memo to Gallagher re: payout structure (9/14/05) | Castaldo: Objection |
| 13 | Selected Dealer Agreement between NanoDynamics and Vision (8/16/05) | |
| 14 | Invoices from CCC to Vision (12/05 – 5/06) | |
| 15 | Checks from Vision to CCC (12/16/05 – 5/19/06) | |
| 16 | Handwritten note from Jean Gallagher to Castaldo (8/1/06)  (Inv. Test. Ex. 63) | |
| 17 | Client lists from Castaldo to Gallagher (9/27/05 – 9/5/06) | |
| 18 | Single client list from Castaldo to Gallagher (Inv. Test. Ex. 42) | |
| 19 | Email from Nano to Gallagher with spreadsheet listing commissions (5/1/06) | |
| 20 | Handwritten document "Still Owed as of 5/1/06" | Gallagher and Vision: Authenticity and hearsay |
| 21 | Vision Clients Solicited Statement (Inv. Test. Ex. 68) | Gallagher and Vision: Authenticity and hearsay |

| EXHIBIT NO. | DESCRIPTION | DEFENSE OBJECTIONS |
|---|---|---|
| 22 | Letter from Heim to New York Attorney General re: Gallagher (3/29/06) | Gallagher and Vision: Hearsay and relevance |
| 23 | Agreement between Gallagher and New York Attorney General (7/31/06) | Gallagher and Vision: Hearsay and relevance |
| 24 | Emails from Castaldo to Stinson re: Stock Traders Press (2/3/05 – 2/4/05) | |
| 25 | Stinson subscription agreement with NanoDynamics and check (9/20/06) | |
| 26 | Stinson subscription agreement with NanoDynamics and check (3/1/06) | |
| 27 | Emails from Castaldo to Stinson re: Nano (3/6/06 – 9/5/06) | |
| 28 | Pricefish private placement memorandum (Inv. Test. Ex. 32) | |
| 29 | Pricefish term sheet (5/05) (Inv. Test. Ex. 34) | |
| 30 | Pricefish subscription agreement (4/18/05) | |
| 31 | Pricefish qualified purchaser questionnaire | |
| 32 | Dresner welcome letter to Stinson encl. executed offering documents (8/15/05) | |
| 33 | List of Pricefish convertible note investors (Inv. Test. Ex. 31) | |
| 34 | Pricefish Transaction List by Vendor (Inv. Test. Ex. 30) | |
| 35 | Pricefish checks to Castaldo and CCC (6/6/05 – 4/26/06) | |
| 36 | Dresner email to Castaldo re: Jack Casey (9/19/06) (Inv. Test. Ex. 35) | |
| 37 | Dresner email to Castaldo re: Revised Pricefish Investor Update (10/23/06) | |
| 38 | Web CRD excerpts re Castaldo employment | Castaldo: Objection |
| 39 | Excerpts from Stock Traders Press website (Inv. Test. Ex. 40) | Castaldo: Objection |
| 40 | Castaldo's and CCC's Wells submission to the Commission (6/27/08) | |
| 42 | Documents produced by Castaldo (Bates nos. 000001 - 000015) | |
| 44 | Email from Castaldo to Terranova with PriceFish Update (10/27/06) | |

| EXHIBIT No. | DESCRIPTION | DEFENSE OBJECTIONS |
|---|---|---|
| 45 | Investor update from Scheflan (10/30/06) (Inv. Test. Ex. 16) | |
| 46 | NanoDynamics private placement memorandum (8/8/05) | |
| 47 | Castaldo notes from NanoDynamics roadshow (9/23/05) | |
| 48 | Fax from Vision to Castaldo re: U4 registration (10/5/05) | |
| 49 | Letter from Vision to NASD re: license exemption for Castaldo (10/7/05) | |
| 50 | Letter from NASD to Vision re: waiver request (10/20/05) (Inv. Test. Ex. 71) | |
| 51 | CCC Invoices to Vision (5/4/05 - 11/13/06) | |
| 52 | CCC Invoices to Vision (12/14/05 - 4/7/06) (Inv. Test. Ex. 37) | |
| 53 | Web CRD excerpt concerning Castaldo | Castaldo: Objection |
| 54 | Castaldo email to Schmedjte re: GPRR (11/6/06) | |
| 55 | Correspondence from Castaldo re: Golden Pacific (Inv. Test. Ex. 33B) | |
| 56 | Emails from Castaldo to Terranova re: Golden Pacific (10/11/06 - 10/24/06) | |
| 57 | Letters from Schillinger to O'Rourke re: disbursements (10/3/06 & 10/18/06) | |
| 58 | CCC Chase bank statements (9/30/06 - 2/28/07) | |
| 59 | Email and memo from Schillinger to Castaldo (4/16/07) | |
| 60 | GPR Investor List (Inv. Test. Ex. 47) | |
| 61 | Golden Pacific Security Agreement (10/3/06) (Inv. Test. Ex. 49) | |
| 62 | Georgia Order of Denial and Refusal of Registration re Castaldo (8/26/96) | Castaldo: Objection |
| 63 | New Mexico bar order re: Castaldo (5/26/98) | Castaldo: Objection |
| 64 | Arbitration award:  Minor v. Castaldo (8/30/99) | Castaldo: Objection |
| 65 | Arbitration award:  Sav-a-Trip v. Stratton Oakmont (12/3/96) | Castaldo: Objection |
| 66 | Correspondence from Schillinger to Castaldo (9/6/06) (Inv. Test. Ex. 31-B) | |

| EXHIBIT No. | DESCRIPTION | DEFENSE OBJECTIONS |
|---|---|---|
| 67 | Castaldo warrant to purchase shares of Golden Pacific (2/9/06) | |
| 68 | Email from Casey to Castaldo re: "FISH questions" (9/11/06) | |
| 69 | List of CCC employees (Bates No. 000161) | Castaldo: Objection |
| 70 | Faxes from Castaldo re: NanoDynamics notes: road show (1/3/06 – 2/14/06) ) | |
| 70A | Castaldo contact list for NanoDynamics (Inv. Test. Ex. 41) | Gallagher and Vision: Authenticity and hearsay |
| 71 | Commission Wells notice to CCC and Castaldo (6/27/08) | Gallagher and Vision: Relevance and hearsay |
| 73 | Stock Traders Press – clients/subscribers list | Castaldo: Objection; Gallagher and Vision: Relevance and hearsay |
| 74 | Letter from Meierhofer to Paley enclosing binder of documents (4/24/07) | Castaldo: Objection |
| 81 | Unsigned Golden Pacific subscription agreement | Castaldo: Objection |
| 83 | Email from Castaldo to Schillinger re: Touching Base (2/2/07) | |
| 84 | Memo from Schillinger to Terranova re: Equipment Financing/Warrants | |
| 86 | Emails between O'Rourke and Castaldo (5/16/06 – 11/27/06) | |
| 87 | Email from Castaldo to Terranova re: Pricefish (11/27/06) | |
| 88 | Email from Castaldo to Terranova re: Pricefish (7/26/07) | |
| 89 | Terranova subscription agreement for NanoDynamics (1/30/06) | |
| 90 | Emails from Castaldo to Terranova re: NanoDynamics (10/30/06 – 1/22/08) | |
| 91 | Terranova subscription agreement for Golden Pacific (11/14/06) | |
| 92 | Email from Castaldo to Terranova forwarding Golden Pacific | |

| EXHIBIT No. | DESCRIPTION | DEFENSE OBJECTIONS |
|---|---|---|
| | newsletter (8/2/07) | |
| 93 | Memo from Schillinger to Terranova re: loan extension (9/7/07) | |
| 94 | Email from Castaldo to Krishnamurthy re: advice of counsel (3/20/09) | Castaldo: Objection |
| 95 | Emails between Castaldo and Schillinger re: GPRR (11/21/06 – 12/14/06) | |
| 96 | Emails between Castaldo and Schillinger and attachments (1/07 – 2/07) | |
| 98 | Emails between Castaldo and Schillinger and attachment (4/2/07 – 4/16/07) | |
| 99 | Emails between Castaldo and Schillinger and attachment (8/21/07 – 8/22/07) | |
| 100 | Client list from Castaldo to Gallagher | |
| 101 | Golden Pacific Promissory Note and attached Exhibit A (10/3/06) | |
| 102 | Fax from Castaldo to Wenger re: NanoDynamics notes: road show (2/2/06) | |
| 103 | NanoDynamics list of commissions to Vision | |
| 104A | NanoDynamics spreadsheet of commissions paid to Vision | Gallagher and Vision: Relevance |
| 104B | NanoDynamics spreadsheet of commissions paid to Vision with notations | Gallagher and Vision: Hearsay and authenticity |
| 105 | NanoDynamics accounting records and wires | |
| 106 | NanoDynamics list of payments made to Vision | Gallagher and Vision: Hearsay, authenticity and relevance |
| 107 | Jackson subscription agreement for NanoDynamics and check (12/29/05) | |
| 108 | Taggart check to NanoDynamics (2/14/06) | |
| 109 | Pricefish summary of convertible notes payable (7/25/06) (Inv. Test. Ex. 15) | |

| EXHIBIT NO. | DESCRIPTION | DEFENSE OBJECTIONS |
|---|---|---|
| 110 | Pricefish business plan (Inv. Test. Ex. 20) | |
| 111 | CCC invoices to Vision (Inv. Test. Ex. 64) | |
| 112 | NanoDynamics closing statement (Inv. Test. Ex. 65) | |
| 113 | Vision clients solicited statement (Inv. Test. Ex. 67) | |
| 114 | Letter from Vision re: Castaldo (3/21/06) (Inv. Test. Ex. 72) | |
| 115 | Letter from Meierhofer to Paley with documents Bates nos. 1 – 14 (4/24/07) (Inv. Test. Ex. 30) | |
| 116 | Unsigned Golden Pacific security agreement (Inv. Test. Ex. 34) | Castaldo: Objection |
| 117 | Handwritten notes and memos from Castaldo to Gallagher (Inv. Test. Ex. 43) | Castaldo: Objection |
| 118 | Email from Castaldo to Schillinger re: Bridge addition (Inv. Test. Ex. 44) | |
| 119 | Excerpts from Castaldo's SEC investigative testimony and deposition | Castaldo: Objection; Gallagher and Vision: As to investigative testimony not a deposition and not subject to cross-examination |
| 120 | Demonstrative exhibit: excerpts from Castaldo's SEC testimony and deposition | Castaldo: Objection; Gallagher and Vision: As to investigative testimony not a deposition and not subject to cross-examination |
| 121 | Excerpts from Gallagher's SEC investigative testimony and deposition | Castaldo: Objection; Gallagher and Vision: As to |

| EXHIBIT No. | DESCRIPTION | DEFENSE OBJECTIONS |
|---|---|---|
| | | investigative testimony not a deposition and not subject to cross- examination |
| 122 | Demonstrative exhibit: excerpts from Gallagher's SEC testimony and deposition | Castaldo: Objection; Gallagher and Vision: As to investigative testimony not a deposition and not subject to cross-examination |
| 123 | Demonstrative exhibit: chart showing defendants and other key players | Gallagher and Vision: Rights to object reserved because the exhibits have not been produced |
| 124 | Demonstrative exhibit: summary charts showing cash flows on Pricefish | Gallagher and Vision: Rights to object reserved because the exhibits have not been produced |
| 125 | Demonstrative exhibit: summary charts showing cash flows on NanoDynamics | Gallagher and Vision: Rights to object reserved because the exhibits have not been produced |
| 126 | Demonstrative exhibit: summary charts showing cash flows on Golden | Gallagher and |

| EXHIBIT No. | DESCRIPTION | DEFENSE OBJECTIONS |
|---|---|---|
|  | Pacific | Vision: Rights to object reserved because the exhibits have not been produced |
| 127 | Excerpts from FINRA's website | Castaldo: Objection; Gallagher and Vision: Rights to object reserved because the exhibits have not been produced |
| 128 | Fax from Castaldo to Patti Taggart re: NanoDynamics (12/20/05) |  |
| 129 | Fax from Castaldo to Patti Taggart re: NanoDynamics (2/6/06) |  |
| 130 | Web CRD Exam Information for Christopher Castaldo | Castaldo, Gallagher and Vision: Rights to object reserved |
| 131 | 2006 SEC examination documents | Castaldo, Gallagher and Vision: Rights to object reserved |

## B.   Defendant Castaldo's Exhibit List

The following is a list of all exhibits defendant Castaldo intends to offer. Because Castaldo first provided this exhibit list to the Commission on July 6, 2009 and had not clearly identified or provided these exhibits to the Commission by July 6, 2009, the Commission reserves its right to object to these exhibits on authenticity or any other grounds once it has seen

19

them. In addition to any such objections, the Commission objects to particular exhibits on the

grounds set forth in the column at right, based solely on the exhibit descriptions provided by

Castaldo.

| Exhibit No. | Description | Plaintiff's Objections |
|---|---|---|
| | Terranova Signed GPRR sub-agreement | |
| | GPRR Bus Plan | |
| | GPRR Security Agreement | |
| | Email from Lou Schillinger | Hearsay |
| | Email to Terranova | |
| | Investor List for GPRR | |
| | Email from Lou Schillinger | Hearsay |
| | Email from Lou Schillinger: Lou asks me to communicate with Dennis sent him paperwork | Hearsay |
| | Transcript from Schillinger Deposition | Objection, to the extent that Castaldo has not timely designated portions to be offered by video |
| | Transcript from Stinson Deposition | Objection, to the extent that Castaldo has not timely designated portions to be offered by video |
| | Email from Lou Schillinger | Hearsay |
| | Agreement with Bob Wallach | Relevance |
| | Individual Guarantee | |
| | Email from Lou Schillinger | Hearsay |
| | Email from Chris Castaldo to Lenders | |
| | Email from Chris Castaldo to Lenders | |
| | Memo from Lou to O'rourke | Hearsay and for reasons set forth in plaintiff's motion *in limine* concerning the advice of |

|  |  |  | counsel defense |
|--|--|--|-----------------|
|  | Wire transfers from Morritt Hock to CCC |  |  |
|  | GPRR Subscription agreement |  |  |
|  | Terranova IRA Transfer |  |  |
|  | Email from Steckley |  |  |
|  | 2 emails from Dresner to investors / Terranova |  |  |
|  | Subscription Agreement PriceFish |  |  |
|  | Email from Dick Christ |  | Hearsay |
|  | Email from Lloyd Enke |  | Hearsay |
|  | 2 emails from Janet Fischer |  | Hearsay |
|  | 2 emails from Dresner |  |  |
|  | Deposition from Stinson |  | Objection, to the extent that Castaldo has not timely designated portions to be offered by video |
|  | Email from Dresner |  |  |
|  | PriceFish investor list |  |  |
|  | List of Payments to BHI Group |  | For reasons set forth in plaintiff's motion *in limine* concerning the dismissal of the Commission's claims against Zangara and B.H.I. Group |
|  | 2 investor updates from Dresner |  |  |
|  | List of Payments to CCC |  |  |
|  | Handwritten memo from Jean Gallagher to change invoice |  |  |
|  | Email from Groff |  | Hearsay |
|  | Email from Christ |  | Hearsay |
|  | Subscription Agreement for Nano |  |  |
|  | PPM for Nano |  |  |
|  | FedEx receipt to Wenger |  | Hearsay |
|  | Fax cover sheet to Wenger |  | Hearsay |
|  | Deposition from Terranova |  | Hearsay: The witness is available and will be called to testify in the |

| | | Commission's case. |
|---|---|---|
| | Deposition from Stinson | Objection, to the extent that Castaldo has not timely designated portions to be offered by video |
| | Signed checks from Gallagher and Kalter | |
| | Invoices to Vision | |
| | Castaldo personal financials | For reasons set forth in plaintiff's motion *in limine* concerning Castaldo's financial status |
| | Castaldo personal debt | For reasons set forth in plaintiff's motion *in limine* concerning Castaldo's financial status |
| | CCC financials | For reasons set forth in plaintiff's motion *in limine* concerning Castaldo's financial status |
| | CCC debt | For reasons set forth in plaintiff's motion *in limine* concerning Castaldo's financial status |
| | CCC default judgement | For reasons set forth in |

| | | plaintiff's motion *in limine* concerning Castaldo's financial status |
|---|---|---|
| | Customer Invoices | Relevance |
| | STP research resports | |

C.    **Defendants Gallagher's and Vision's Exhibit List**

The following is a list of all exhibits defendants Vision and Gallagher intends to offer, with any objections by plaintiff to such exhibits noted in the column at right.

| DEFENDANTS' EXHIBIT | DESCRIPTION | PLAINTIFF'S OBJECTIONS |
|---|---|---|
| A. | Corporate Communications Invoices (same as Exhibit 51) | |
| B. | Vision Checks to Corporate Communications (same as Exhibit 15) | |
| C. | Client's Solicited List (same as Exhibits 21 and113) | |
| D. | Closing Statement NanoDynamics 8/8/05 – 5/1/2006 (same as Exhibit 112) | |
| E. | Commission from Subscription 2 (5/3/04-6/30/04-contains commissions through 2/28/08) | |
| F. | Client List (same as Exhibit 42) | |
| G. | Client List (same as Exhibit 100) | |
| H. | Client List containing Gallagher handwriting (same as Exhibit 17) | |

| DEFENDANTS' EXHIBIT | DESCRIPTION | PLAINTIFF'S OBJECTIONS |
|---|---|---|
| I. | Client List containing Gallagher handwriting | |
| J. | Summary Chart | Foundation; hearsay |
| K. | Selected Dealer Agreement (same as Exhibit 13) | |
| L. | Stock Traders Press.com Description | |
| M. | Castaldo Notes 9/23/05 (same as Exhibit 47) | |
| N. | Becker & Poliakoff LLP Letter – June 27, 2008 | Hearsay (not offered by party-opponent) |
| O. | Gallagher U5 6/07/2005 | Relevance; hearsay |
| P. | U4 - Relicense 06/14/2005 | Relevance; hearsay |
| Q. | Vision Securities Minutes June 20, 2002 through December 8, 2006 | Relevance |
| R. | GCG Holdings Minutes March 31, 2001 through March 21, 2007 | Relevance |
| S. | Option Agreement – June 21, 2002 | Relevance |
| T. | Amendment to Option Agreement dated June 1, 2005 | Relevance |
| U. | Stock Pledge Agreement dated October 4, 2001 | Relevance |
| V. | Amendment to Stock Pledge Agreement dated September 1, 2004 | Relevance |
| W. | Letter from MPU to Daniel A. | Hearsay; relevance |

| DEFENDANTS' EXHIBIT | DESCRIPTION | PLAINTIFF'S OBJECTIONS |
|---|---|---|
| | Conrad, Esq. – March 15, 2005 | |
| | | |
| X. | McCormick & O'Brien LLP letter – May 29, 2008 | Hearsay; relevance |
| | | |
| Y. | McCormick & O'Brian LLP letter to Michael Paley dated June 6, 2008 | |
| | | |
| Z. | Luburic Notes – January 16, 2009 | Hearsay; relevance |
| | | |
| AA. | Offer of Settlement of Stewart Kalter – October 2, 2008 | Relevance |
| | | |
| BB. | Order Instituting Proceedings – October 15, 2008 | Relevance |
| | | |
| CC. | New Account Form for Terranova IRA | |
| | | |
| DD. | Monthly Statement for Terranova Account – February 2009 | |
| | | |
| EE. | LOA for Terranova Account – November 16, 2006 | |
| | | |
| FF. | LOA for Terranova Account – undated | |
| | | |
| GG. | Wire Transfer Request Detail for Terranova Account | |
| | | |
| HH. | E-mail Terranova on top setting forth Gallagher new cell number dated October 2, 2007 | |
| | | |
| II. | E-mail to Terranova including the Red Herring dated July 31, 2007 | |
| | | |
| JJ. | Facsimile Sheet to Wenger dated | |

| DEFENDANTS' EXHIBIT | DESCRIPTION | PLAINTIFF'S OBJECTIONS |
|---|---|---|
| | February 2, 2006 containing writing | |
| KK. | Receipts for Stock Traders Press Subscription and Attendant Checks | |
| LL. | Form of BD Application | Relevance |
| MM. | BD Amendment (1) 3/18/2004 | Relevance |
| NN. | BD Amendment (2) 3/18/2004 | Relevance |
| OO. | BD Amendment 3/23/04 | Relevance |
| PP. | BD Amendment 3/24/04 | Relevance |
| QQ. | BD Amendment 4/27/2006 | Relevance |
| RR. | Profit and Loss and Trade Activities Statements for the Scott Taggart, Patricia Taggart, Joshua Taggart, Mark Bonenfant, Virgil E. Wenger and Terranova IRA and Dudka Accounts | |
| SS. | Wenger Notes 2006 | Hearsay |
| TT. | Wenger Notes 3/6/06 | Hearsay |
| UU. | Wenger copy of FedEx Receipt and Check – March 2006 | |
| VV. | Wenger copy of FedEx Receipt enclosing a Private Placement Memorandum – March 1, 2006 | |
| WW. | Wenger Notes 1/29/08 | Hearsay |
| XX. | Fax Sheet to Wenger from Castaldo (similar to jj) | |

## VIII.   ESTIMATED LENGTH OF TRIAL

The parties estimate the trial will last approximately 7 to 10 trial days.


Dated: _____ 7/13/09 _____      U.S.D.J. _____

Date: 7/6/09

By:

Jack Kaufman
Preethi Krishnamurthy
Securities and Exchange Commission
New York Regional Office
Three World Financial Center, Rm. 400
New York, NY 10281-1022

*Attorneys for Plaintiff*
*Securities and Exchange Commission*


Date: _____

By:

Christopher Castaldo
6 The Glen
Glen Head, NY 11545

*Pro Se*


Date: _____

By:

Martin P. Unger (MU-9327)
Certilman, Balin, Adler & Hyman LLP
90 Merrick Avenue – 9th Floor
East Meadow, New York 11554
(516) 296-7000

*Attorney for Defendants*
*Daniel James Gallagher and Vision*
*Securities Inc.*

28

New York, NY 10281-1022

*Attorneys for Plaintiff*

*Securities and Exchange*

*Commission*

Date: 7/6/09   By:

Chris Castaldo

Christopher Castaldo

6 The Glen

Glen Head, NY 11545

*Pro Se*

Date: _____   By:

_____

Martin P. Unger (MU-9327)

Date: _____     By: _____
                                      Jack Kaufman
                                      Preethi Krishnamurthy
                                      Securities and Exchange Commission
                                      New York Regional Office
                                      Three World Financial Center, Rm. 400
                                      New York, NY 10281-1022

                                      *Attorneys for Plaintiff*
                                      *Securities and Exchange Commission*

Date: _____     By: _____
                                      Christopher Castaldo
                                      6 The Glen
                                      Glen Head, NY 11545

                                      *Pro Se*

Date: __July 6, 2009__           By: _____
                                      Martin P. Unger (MU-9327)
                                      Certilman, Balin, Adler & Hyman LLP
                                      90 Merrick Avenue – 9th Floor
                                      East Meadow, New York 11554
                                      (516) 296-7000

                                      *Attorney for Defendants*
                                      *Daniel James Gallagher and Vision*
                                      *Securities Inc.*

24

EXHIBIT A

**Exhibits: to be removed**

Exhibit 12: This exhibit is a proposal and not an actual contract or agreement and therefore has no relevance therefore it should be removed.

Exhibit 38: My CRD info from 10 years (1998) has no bearing on the facts of this case which is from the period 2005 to 2006.
Exhibit 39: Exerpts from the Stock Traders Press website have nothing to do with NanoDynamics, GPRR or PriceFish and therfore should be removed as exhibits.

Exhibit 53: Exerpts concerning Castaldo's CRD have no bearing on the facts in this case. Therfore should be removed.

Exhibits 62 thru 65: Theses exhibits are based on facts from almost 10 years prior to the period in question and have no bearing on the facts of this case. Therefore should be removed.

Exhibit 73: The Stock Traders Press client subscriber list is private / confidential. MAny of these customers have unlisted private contact information. Additionally, a private list of customers has no bearing on the facts of this case. The Stock Traders Press client list should not be made available and should be removed immediately.

Exhibit 81: An unsigned subscription agreement has no relevance in this case. Additionally, what assurance that this subscription agreement is an accurate agreement and not a proof or inaccurate copy compared to what may have been signed by a customer / investor? Please remove.

Exhibit 94: An email between Chris Castaldo and Preethi Krisnamurthy on 03/20/09 has no relevance to the facts of this case dated 2005-2006. Please remove.

Exhibit 116: An unsigned subscription agreement has no relevance in this case. Additionally, what assurance that this subscription agreement is an accurate agreement and not a proof or inaccurate copy compared to what may have been signed by a customer / investor? Please remove.

Exhibits 119 thru 122: These exhibits are excerpts from previous depositions taken. An excerpt or partial answer to a question in a deposition can distorted, twisted and manipulated to mean

anything but the actual meaning. This is unfair to the person answering the question and will undoubtedly taint the person giving the deposition.

Exhibit 127: An excerpt from a website can be twisted and manipulate vs taking into consideration a full disclosure and therfore should not be allowed as an exhibit.

Chris Castaldo
516-656-0217 work