```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,      :
                                         :
              Plaintiff,                 :    08 Civ. 8397 (JSR)
                                         :
         -v-                             :    MEMORANDUM ORDER AND
                                         :       FINAL JUDGMENT
CHRISTOPHER CASTALDO, DANIEL JAMES       :
GALLAGHER, FRANK ZANGARA, B.H.I.         :
GROUP, INC., CORPORATE COMMUNICATIONS    :
CORP., and VISION SECURITIES, INC.,      :
                                         :
              Defendants.                :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

The Securities and Exchange Commission ("SEC") brought this action alleging 1) that defendant Christopher Castaldo violated Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(a), by acting as an unlicensed securities broker with respect to securities in two companies, Pricefish, Inc. ("Pricefish") and Golden Pacific Railroad, Inc. ("Golden Pacific"); 2) that defendant Vision Securities, Inc. ("Vision") violated section 15(b)(7) of the Exchange Act, 15 U.S.C. § 78o(b)(7), and Rule 15b7-1, 17 C.F.R. § 240.15b7-1, because Castaldo acted as an unlicensed securities broker with respect to securities in a third company, NanoDynamics, Inc. ("NanoDynamics") while he was associated with Vision; 3) that defendants Castaldo and Daniel Gallagher, who effectively runs Vision,[1] aided and abetted Vision's violation of §

---

[1] Gallagher testified that he is the chairman, secretary, and sole director of Vision. Trial Transcript ("Tr.") at 576-77.

15(b)(7) and Rule 15b7-1; and 4) that, in the alternative to the § 15(b)(7) claims, Castaldo violated § 15(a) by acting as an unlicensed securities broker with respect to securities in NanoDynamics. The SEC sought (a) an injunction prohibiting these defendants from committing any future violations of §§ 15(a) and 15(b)(7) of the Exchange Act, (b) disgorgement of any monies earned through violations of the Act, and (c) civil monetary penalties.

The complaint also alleged violations by defendants Frank Zangara and B.H.I. Group, Inc., but these claims were dismissed on consent of all parties. See Stipulation of Voluntary Dismissal dated June 2, 2009. In addition, default judgment was entered against defendant Corporate Communications Corp. on June 29, 2009.

The Court held a one-week trial, at the conclusion of which, on July 20, 2009, the jury rendered a mixed verdict: it found Vision liable for violating § 15(b)(7) and Rule 15b7-1 and found Castaldo and Gallagher liable for aiding and abetting this violation; but it found Castaldo not liable on the SEC's other claims. The jury was not asked to determine the relief warranted by these determinations of liability, because, as both sides agreed, the relief here sought by the SEC is either equitable in nature, as in the case of injunctive relief and disgorgement, see Aaron v. SEC, 446 U.S. 680, 701 (1980); Chauffeurs, Teamsters, and Helpers Local No. 391 v. Terry, 494 U.S. 558, 570 (1990), or is allocated by statute to determination by the Court, as in the case of civil money penalties, see 15 U.S.C. § 78u(d)(3); see also Tull v. United States, 481 U.S.

---

He is also president and director of GCG Holdings, which is the sole owner of Vision. Id. at 575.

412, 427 (1990) (holding that there is a right to a jury trial on the issue of liability in a civil penalty action but that the court may determine damages where a statute so provides).  It therefore now falls to the Court to determine the appropriate remedies.

The SEC seeks 1) a permanent injunction prohibiting Castaldo, Gallagher, and Vision from committing any future violations of § 15(b)(7) of the Exchange Act; 2) disgorgement in the amount of $208,500 from Castaldo and in the amount of $126,466.91 from Gallagher and Vision jointly and severally; 3) pre-judgment interest on these disgorgement amounts, which, as of August 17, 2009, using the then-applicable IRS underpayment rates, would total $48,225.29 for Castaldo and $29,251.32 for Gallagher and Vision (the latter amount, again, payable jointly and severally by Gallagher and Vision); and finally 4) the maximum civil money penalties available under 15 U.S.C. § 78u(d)(3)(B)(ii) (as adjusted for inflation by 17 C.F.R. § 201.1003).  Under these provisions, the maximum penalty for a natural person is currently the greater of $65,000 or the gross amount of pecuniary gain, and the maximum penalty for a corporation is currently the greater of $325,000 or the gross amount of pecuniary gain.

The Court held a hearing on July 31, 2009, at which all parties were given an opportunity to present their arguments

regarding appropriate remedies.[2]  The Court also received written submissions from the parties following the hearing.

Having given careful consideration to all of the arguments advanced by the parties, the Court finds that injunctive relief is uncalled for here, since the likelihood of recidivism is low; that disgorgement is necessary and appropriate; and that, given the amount of the disgorgement and the defendants' limited financial circumstances, imposing the maximum civil monetary penalty on top of the disgorgement would be excessive, but a modest fine is appropriate.  Accordingly, the Court renders final judgment as follows:

Defendant Castaldo is hereby ordered to pay to the SEC disgorgement in the amount of $208,500, plus pre-judgment interest in the amount of $48,225.29, for a total of $256,725.29.  This total amount shall be paid in monthly installments equal to 10% of Castaldo's gross income for the preceding month and shall be payable on the first day of each subsequent month beginning October 1, 2009.[3]

Defendants Daniel Gallagher and Vision Securities are hereby ordered to pay, jointly and severally, disgorgement in the amount of

---

[2] The Court gave the parties the opportunity to make written submissions in advance of this hearing; the SEC and Castaldo chose to do so.

[3] Beginning on the date of this order, interest will accrue on the unpaid balance of the disgorgement and pre-judgment interest owed by Castaldo and by Gallagher and Vision, in accordance with 28 U.S.C. § 1961(a).

$126,466.91,[4] plus pre-judgment interest in the amount of $29,251.32, for a total of $155,718.23.  This total amount shall be paid in monthly installments equal to 10% of the sum of: (a) Vision's gross monthly income for the preceding month, and (b) and Gallagher's gross monthly income minus $9,000 for the preceding month, and shall be payable on the first day of each subsequent month beginning October 1, 2009.[5]

Castaldo, Gallagher and Vision are hereby ordered to provide to the SEC such financial disclosures as the SEC requests in order to monitor their compliance with this payment schedule.

A civil monetary penalty of $24,000 is hereby imposed on Castaldo.  This amount shall be paid separate and apart from the

---

[4] In the hearing on remedies, Gallagher and Vision challenged this amount as inaccurate but failed to point to any evidence in the record indicating that a different disgorgement amount is appropriate.  On the contrary, the evidence shows--as the SEC contends--that $126,466.91 represents the total amount of commissions paid to Vision for investments in NanoDynamics that were facilitated by Castaldo, less the amounts that Vision, in turn, paid to Castaldo.  See SEC Trial Exs. 104A and 104B (showing commissions paid to Vision for NanoDynamics investments); SEC Trial Exs. 17 and 18 and Tr. 435, 553-54 (identifying investors who were introduced to Vision by Castaldo); and SEC Trial Exs. 15 and 51 (invoices and checks showing payments made to Castaldo for "client lists" and "leads").

[5] The $9,000 that is taken "off the top" in assessing Gallagher's gross monthly income represents an allowance for the child support and other related payments Gallagher is obligated to make under his divorce decree.  See Transcript of hearing on remedies 7/31/09.  Should Gallagher's financial obligations with respect to his children and/or ex-wife significantly increase before disgorgement has been paid in full, he may apply to the Court for an adjustment of the calculation of his monthly payment.

5

disgorgement payments in monthly installments of $1,000 beginning October 1, 2009.

A civil monetary penalty of $24,000 is hereby imposed on Gallagher and Vision, jointly and severally. This amount shall be paid, separate and apart from the disgorgement payments, in monthly installments of $1,000 beginning October 1, 2009.

No injunctive relief will be imposed.

The Court will retain jurisdiction over this case for the limited purpose of ensuring compliance with this Order. In all other respects, this case is now closed, and the Clerk of the Court is therefore directed to close it on the docket.

SO ORDERED.

Dated: New York, NY
August 17, 2009

_____
JED S. RAKOFF, U.S.D.J.